UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
UNITED STATES OF AMERICA,

               Plaintiff,          MEMORANDUM & ORDER
                                                 10-CV-894 (JS)
  -against-

JULIO C. GALARZA,

               Defendant.
-------------------------------------X
APPEARANCES:
For Plaintiff:    Michael T. Sucher, Esq.
                  26 Court Street, Suite 2412
                  Brooklyn, NY 11242

For Defendant:    Julio C. Galarza, pro se
                  Galarza & Associates
                  727 N. Broadway
                  Massapequa, NY 11758

SEYBERT, District Judge:

        On March 1, 2010, Plaintiff the United States of America commenced this action against Julio C. Galarza, pro se.[1] Plaintiff has now moved for summary judgment. For the following reasons, that motion is GRANTED.

## BACKGROUND

        November 16, 1994, Mr. Galarza received a student loan in the amount of $51,219.37. Pl. 56.1 Stmt. ¶ 1 & Ex. 1.[2] In

---

[1] Mr. Galarza is representing himself pro se, but has been an admitted attorney since 1995.

[2] Mr. Galarza filed an Answer, but did not file a Local Rule 56.1 Statement or otherwise oppose summary judgment. Consequently, under Local Rule 56.1(c), the facts set forth in Plaintiff's Local Rule 56.1 Statement have been deemed admitted.

exchange, Mr. Galarza executed a promissory note in the principal amount of $50,301.13. Id. ¶ 2. Mr. Galarza failed to repay the note in full so, as required by law, Plaintiff purchased the note from the lender and became the assignee thereof. Id. ¶¶ 3, 4.

On February 2, 2010, U.S. Department of Education Loan Analyst Rosie Estrada signed, under penalty of perjury, a Certificate of Indebtedness reflecting that, as of November 6, 2009, Mr. Galarza owed: (1) $78,620.72 in unpaid principal[3]; (2) $59,409.82 in unpaid interest; (3) additional interest, at a rate of $19.37 per day. See Compl. Ex. A. Plaintiff then commenced this action to collect.

## DISCUSSION

I. Standard of Review

"Summary judgment is appropriate where there are no genuine disputes concerning any material facts, and where the moving party is entitled to judgment as a matter of law." Harvis Trien & Beck, P.C. v. Fed. Home Loan Mortgage Corp. (In re Blackwood Assocs., L.P.), 153 F.3d 61, 67 (2d Cir. 1998) (citing Fed. R. Civ. P. 56(c)).

---

[3] This amount reflects what Plaintiff paid to acquire the loan, not the principal owed on the original note. See Docket No. 5-1 at p. 3, n. 1. Thus, it apparently includes unpaid interest through the date of Plaintiff's acquisition.

2

"The burden of showing the absence of any genuine dispute as to a material fact rests on the party seeking summary judgment." McLee v. Chrysler Corp., 109 F.3d 130, 134 (2d Cir. 1997). "In assessing the record to determine whether there is a genuine issue to be tried as to any material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." McLee, 109 F.3d at 134.

"Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (internal quotations and citations omitted). "Mere conclusory allegations or denials will not suffice." William v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

In an action on a promissory note, summary judgment is appropriate if there is "'no material question concerning execution and default' of the note." Merrill Lynch Commercial Fin. Corp. v. All State Envelopes Ltd., 09-CV-0785, 2010 WL 1177451, at *2 (E.D.N.Y. Mar. 24, 2010) (internal citations and quotations omitted).

When a party has appeared in an action, but not opposed summary judgment, the moving party does not win by

3

default. Instead, the Court must "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co., 373 F.3d 241, 244 (2d Cir. 2004). And "[i]f the evidence submitted in support of the summary judgment motion does not meet [Plaintiff's] burden of production, then summary judgment must be denied," even though the non-movant failed to oppose it.

II. The United States is Entitled to Summary Judgment

The United States has met its initial summary judgment burden. The promissory note contains Mr. Galarza's signature. Pl. 56.1 Stmt. Ex. 1. And Mr. Galarza does not contend, much less evidence, that this signature is a forgery. See generally, Owusu v. New York State Ins., 655 F. Supp. 2d 308, 317 (S.D.N.Y. 2009). Additionally, the United States has provided a Certificate of Indebtedness, certified under penalty of perjury, that as of November 6, 2009, Mr. Galarza owed: (1) $78,620.72 in unpaid principal; (2) $59,409.82 in unpaid interest; (3) additional interest at $19.37 per day. See Compl. Ex. A.

Mr. Galarza has not responded to this evidence, introduced any evidence on his own behalf, or otherwise opposed summary judgment. Consequently, summary judgment is GRANTED.

III. <u>Damages, Costs, and Attorneys' Fees</u>

The Certificate of Indebtedness establishes that, as of November 6, 2009, Mr. Galarza owed: (1) $78,620.72 in unpaid principal; (2) $59,409.82 in unpaid interest; (3) additional interest, at a rate of $19.37 per day. <u>See</u> Compl. Ex. A. Since November 6, 2009, another 446 days have passed, so Mr. Galarza owes an additional $8,639.02 in interest (i.e., 446 multiplied by $19.37). It follows then that the United States is entitled to judgment in the amount of $78,620.72 in unpaid principal and $68,048.84 in interest, for a total money judgment of $146,669.56.

The Court also finds that Plaintiff is entitled to costs in the amount of $390, reflecting this Court's filing fee, plus a service of process fee.

Plaintiff does not seek legal fees. <u>See</u> Docket No. 5-1 at 19.

CONCLUSION

Plaintiff's summary judgment motion is GRANTED. Plaintiff is awarded: (1) $78,620.72 in unpaid principal; (2) $59,409.82 in unpaid interest; and (3) $390 in costs. The Clerk of the Court is directed to mark this matter as closed.

SO ORDERED

Dated: January __26__, 2011    /s/ JOANNA SEYBERT
       Central Islip, NY        Joanna Seybert, U.S.D.J.